Matthew P. Minser, Esq. (SBN 296344)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs,
Bricklayers Local No. 3 Pension Trust, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3 HEALTH AND WELFARE TRUST and its Board of Trustees; <br><br> BRICKLAYERS LOCAL NO. 3 PENSION TRUST and its Board of Trustees; <br><br> BRICKLAYERS LOCAL NO. 7 PENSION TRUST and its Board of Trustees; <br><br> BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST and its Board of Trustees <br><br> Plaintiffs, <br><br> v. <br><br> TOP END CONSTRUCTORS, INC., a California Corporation dba TOP END TERRAZZO, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

<u>Parties</u>

1.    The Bricklayers and Allied Craftworks Local No. 3 Health and Welfare Trust, Bricklayers Local No. 3 Pension Trust (including the Bricklayers Local No. 3 Defined Benefit Pension

1

Plan and the Bricklayers Local No. 3 Defined Contribution Plan), Bricklayers Local No. 7 Pension Trust (including the Bricklayers Local No. 7 Defined Benefit Pension Plan, the Bricklayers Local No. 7 Defined Contribution Plan, and Additional Non-credited contributions for the BAC Local 7 Defined Benefit Plan), and Bricklayers and Allied Crafts Local No. 3 Apprentice Training Trust (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The Board of Trustees of each trust fund is a fiduciary of each respective fund. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. Top End Constructors, Inc., a California Corporation, dba Top End Terrazzo ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendant and the Union.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

6. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a

defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered at their principal place of business in Contra Costa County, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Bricklayers and Allied Craftworkers Local Union No. 3 of the IUBAC, AFL-CIO ("Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arose in this district.

### Intradistrict Assignment

8. The basis for assignment of this action to this court's Oakland Division is that the events and omissions giving rise to ERISA Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs Trust Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

### Bargaining Agreements

9. Defendant entered into the Memorandum Agreement for Individual Employer with the Union, which incorporates the Master Labor Agreement ("Master Agreement") between the Union and the Terrazzo and Mosaic Association of Northern California. Defendant also entered into a Memorandum Agreement for Individual Employer, which bound Defendant to, and incorporated the Agreement between the Union and the Marble Masons and Marble Finishers by and between Marble Dealers of Northern California and Independent Marble Contractors ("Marble Masons and Marble Finishers Agreement"), which incorporates the terms of the Master Agreement. The Memorandums of Agreement for Individual Employer, Master Agreement, and Marble Masons and Marble Finishers Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Plaintiff Trust Funds ("Trust Agreements"), require Defendant to provide employer contributions to the Plaintiffs Trust Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Master Agreement. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

10. Under the terms of the Bargaining Agreements, Plaintiffs' Trustees are authorized to collect monies due by Defendant to the following entities: BAC Local 3 JATC, Local 3 Defined Benefit Pension Plan, Local 7 Defined Benefit Pension Plan, BAC Local 3 Defined Contribution Plan, BAC Local 7 Defined Contribution Plan, Health and Welfare, BAC Local 3 Local Union Dues, BAC Local 3 Vacation and Holiday Plan (including Administrative Fees for BAC Local 3 Vacation and Holiday Plan), Non-Credited Pension Contributions, LMCC (Masonry Industry Labor Management Cooperative Committee), IMI (International Masonry Institute), BAC International Defined Benefit Pension Plan, BAC International Defined Benefit Plan Non-Credited Contributions, Masonry Employer Association Promotion Funds (NCMCCA and MATI), Organizing, and BAC PAC (together referred to herein as "Bargained Entities") and dues to the Union (including BAC Local 3 Local Union Dues, BAC International Union Dues).  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

11. Under the terms of said Bargaining Agreements and of Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Entities, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions must be postmarked by the fifteenth (15th) day of the month following the month hours were worked, and are considered delinquent if not postmarked by that date.  In addition, under the terms of said Bargaining Agreements and Trust Agreements, Defendant must pay liquidated damages for each delinquent contribution payment, together with interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreements and Trust Agreements incorporated therein.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as are necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due,

including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

## Factual Allegations

13. Defendant has failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendant's payroll records for the period from May 1, 2016 through June 30, 2019. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period.

14. Defendant has also failed and refused to pay contributions for hours worked by its employees during the months of January, March, April, and May 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for those months.

15. Defendant has also failed and refused to pay liquidated damages and interest for late-paid contributions for hours worked by its employees during the months of June through December 2019 and February 2020.

16. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendant**

17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts

found due as a result of an audit, including audit fees.

19. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining Agreements and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21. Defendant's failure and refusal to pay the required contributions, including the amounts found by audit, plus liquidated damages and interest thereon and on unpaid and late-paid contributions, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified

above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i.      To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

        ii.     To the Union in accordance with the Bargaining Agreement.

    (b)    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c)    Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.    For an order,

    (a)    requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

    (b)    enjoining Defendant from violating the terms of those documents and of ERISA; and

    (c)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

//
//
//
//

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: June 23, 2020                           SALTZMAN & JOHNSON LAW CORPORATION

                                By:  /S/
                                     Matthew P. Minser
                                     Luz E. Mendoza
                                     Attorneys for Plaintiffs Bricklayers Local No. 3
                                     Pension Trust, et. al.